Ex Parte Nannie Hughes.

No. 12270. Delivered November 21, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the Criminal District Court of Harris county remanding the appellant to the custody of the Harris County School for Girls.

We learn from the record that appellant, Nannie Mason, or as she calls herself Nannie Hughes, was brought properly and legally before the county court of Harris county upon a charge of being a delinquent child, and that after due notice to her parents, in accordance with our statute, and upon a trial not in anywise complained of, she was adjudged by the judgment of that court to be a delinquent child, and was committed to the Harris County School for Girls. Later an application for habeas corpus was presented to the Honorable Criminal District Court of said county seeking to have her released from said school.

Art. 1091, 1925 C. C. P., provides, in so many words, that where one is proceeded against in the juvenile court, it is the privilege of the court or jury to substitute as a place of confinement or commitment any detention home, parental school, or school for girls or boys, established by any county, etc. The judgment of the County Court of Harris county seems in every way correct. The place to which this appellant is committed is one of those enumerated by the statute. No complaint appearing of any irregularity or illegality in any of the necessary steps taken prior to the commitment of this appellant, and it appearing that she was properly committed to the place where she now is,—we are of opinion that the judgment of the court below remanding her was in accordance with law, and the judgment will be affirmed.

*Affirmed.*